DUFRESNE, Judge.
The defendant-appellant, Jack E. Moles-worth, Inc., seller of an incorrectly described and advertised postage stamp, appeals from a judgment in quanti minoris in favor of the plaintiff-appellee, Dr. Joseph Creely, the purchaser.
Plaintiff-appellee, brought this action in redhibition and sought additional damages for fraudulent misrepresentation of the quality of the stamp. The trial judge converted the suit to one for a reduction in the purchase price and awarded damages and attorney fees on proof of fraud.
Defendant-appellant, urges three errors by the trial court:
1. That the defect in the stamp was obvious to the buyer, thus precluding the action in redhibition or quanti minoris.
2. That the plaintiff failed to prove that the defect existed in the stamp at the time of the sale.
3. That the trial court should not have used the appreciated value that the stamp would have had at the time of trial, if it had indeed been as advertised, as a measure of damages since this valuation is too speculative.
The factual findings of the trial court are amply supported by the evidence and the damages were proven with reasonable certainty.
The trial judge found that the stamp was not in the condition as advertised by the seller at the time of sale and that the seller was in bad faith in so advertising it. In his reasons for judgment, the trial judge concluded that the stamp when sold had a value of $1,125.00 and not the $2,250.00, the amount paid by the buyer. At the time of trial, the stamp was determined to have a value of $1,500.00. Further, it was concluded that had the stamp been in its advertised condition, it would have been worth $5,500.00 at the time of trial.
Based on these findings, the trial judge awarded the plaintiff-appellee a reduction in the purchase price of $750.00, the difference between the purchase price of $2,250.00 and the present value of the stamp $1,500.00. He further awarded as damages $3,250.00, the difference between the purchase price of $2,250.00 and the value the stamp would have had if it had been in the condition as advertised, which was $5,500.00. Plaintiff-appellee was awarded attorney fees of $800 for a total award of $4,800.00 together with legal interest and all costs.
We affirm.
The stamp at issue here was a $3.00 Co-lumbian stamp and was represented by the appellant as having “Fresh Original Gum, Light Hinge Mark”. After purchasing the stamp for $2,250.00, the appellee sent it to the American Philatetic Society for experti-zation or evaluation. A committee of three experts examined the stamp and two of them determined that it did not have “fresh original gum”, but had instead been re-gummed. The third expert was in fact the seller of the stamp, Jack Molesworth, who did not realize that this was one of his stamps. His opinion was that the stamp had original gum but that it had been remelted and was certainly not “fresh original gum”. Due to his conflict, the Society disallowed his opinion.
On receiving the Society’s conclusions, the appellee demanded a refund of the purchase price and tendered the stamp to the appellant. The appellant refused to refund the purchase price, insisting that the stamp had been damaged by the appellee. He testified at trial that the present condition *1203 of the stamp could have been caused by either cleaning it with one of a number of chemicals, commonly used by stamp collectors, or by treating it with a sweatbox hinge remover, a device used to melt the gum on stamps to remove the paper hinges by which they are sometimes attached to stamp albums.
During the trial, Dr. Hubert Skinner, one of the Society’s experts who examined the stamp, testified that had the gum on the stamp been remelted since the time of the sale, the pencil marks placed thereon by the appellant for identification purposes before the sale would have run or been disfigured. He concluded that the gum had not been altered since leaving the seller’s hands.
The appellee testified he did not alter the stamp in any way and had it in his possession only two days before sending it to the Society for evaluation. He further testified he was not an expert stamp collector and to him the stamp appeared to be as advertised.
Appellant’s first contention is that under La.C.C. Article 2521, apparent defects in the thing sold do not give rise to the redhibitory actions, and since the defect in the stamp was apparent, this action cannot lie. The trial judge concluded that the appellee who was not an expert could not have discovered the defect on simple inspection. This conclusion will not be disturbed on appeal in the absence of manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). We find that the trial judge’s conclusions are justified and supported by the record.
Appellant’s second contention is basically that the appellee failed to prove that the stamp was not damaged after it was sold. Again, this court must apply the manifest error rule of Canter v. Koehring, supra. There is no manifest error in the trial court concluding that from the evidence and his evaluation of the credibility of the witnesses, that the gum had not been remelted after the stamp left the seller’s hands.
The final issue of the appellant; whether the appreciated value of the stamp is too speculative to form the basis of a damage award, likewise is without merit. The award for damages is clearly based on La.C.C. Art. 2547, which permits damages when the seller is in bad faith in misrepresenting the quality of the thing sold. This article also provides that such cases should be judged according to the rules laid down on the subject of fraud. As to allowable damages for fraud, La.C.C. Art. 1934 provides in part as follows:
Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained, and the profit of which he has been deprived, under the following exceptions and modifications:—
2. When the inexecution of the contract has proceeded from fraud or bad faith, the debtor shall not only be liable to such damages as were, or might have been foreseen at the time of making the contract, but also to such as are the immediate and direct consequence of the breach of that contract; but even when there is fraud, the damages can not exceed this.—
The first issue here is whether appellee’s loss of the appreciated value the stamp would have had if it had been in the advertised condition was an “immediate and direct consequence” of the appellant’s fraud. We conclude, as did the trial judge, that it was. Had the stamp possessed “fresh original gum” as advertised, it would have been worth $5,500.00 to the appellee at the time of trial. Moreover, for the appellee to have bought a stamp of the quality advertised, the object bargained for in the first place, he would have to have paid $5,500 for it. The trial judge was simply placing the ap-pellee in the financial position he would have occupied absent the fraud by awarding him $3,250.00 for the appreciation the advertised stamp would have had.
Appellant argues, however, that the ap-pellee was a collector and never intended to offer the stamp for sale and therefore that this award is in the nature of speculative profits. We do not find the absence of an offer to sell of any consequence in the present context. Had the appellee received a stamp of the advertised quality, he would *1204 have been enriched in the amount of $3,250.00; due to appellant’s action, he was not so enriched. Since appellant was in bad faith, we find nothing unfair in compelling him to so reimburse the appellee. Stipelcovich v. Mike Persia Chevrolet Co., Inc., 391 So.2d 582 (La.1980).
Likewise, the appreciated value placed on the advertised stamp at the time of trial could be fixed with reasonable certainty. Experts for both the appellant and appellee testified as to the value of the stamp. There is nothing too speculative in this figure, based as it was on expert testimony. Stipelcovich v. Mike Persia Chevrolet Co., Inc., supra.
Appellant has further claimed that the value of stamps has decreased since the time of trial in February, 1981 and therefore the appellee has been given a peak market price. Be that as it may, a court cannot speculate as to the future price of objects; it can only act on evidence as to their current value presented at trial. We also note that had the appellant returned the purchase price of the stamp when demand was first made in 1979, he would have suffered no loss from appreciation at all. This argument of appellant is totally without merit.
For the reasons set forth, we affirm the judgment of the district court, at appellant’s costs.
AFFIRMED.